Kevin E. Gilbert, Esq. (State Bar No. 209236)
Email: kgilbert@ohshlaw.com
**ORBACH HUFF SUAREZ & HENDERSON LLP**
1901 Harrison Street, Suite 1630
Oakland, California 94612
Telephone: (510) 999-7908
Facsimile: (510) 999-7918

Attorney for Defendants
EBRAHIM KAABIPOUR, SHAHLA KAABIPOUR
and VAN DEVELOPMENT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SCOTT JOHNSON,

Plaintiff,

v.

EBRAHIM KAABIPOUR, in individual and representative capacity as trustee; SHAHLA KAABIPOUR, in individual and representative capacity as trustee; VAN DEVELOPMENT, INC., a California Corporation; and Does 1-10,

Defendants.

Case No. 16-cv-06529 HRL

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**

Defendants EBRAHIM KAABIPOUR, SHAHLA KAABIPOUR and VAN DEVELOPMENT, INC. hereby Answer Plaintiff's Complaint as follows:

**PARTIES**

1. In answer to paragraph 1 of the Complaint, Defendants lack sufficient information to admit or deny the allegations and, on that basis, said allegations are denied.

2. In answer to paragraph 2 of the Complaint, Defendants admit the allegations therein.

3. In answer to paragraph 3 of the Complaint, Defendants admit the allegations therein.

///



ORBACH HUFF SUAREZ & HENDERSON LLP

ORBACH HUFF SUAREZ & HENDERSON LLP

4. In answer to paragraph 4 of the Complaint, Defendants admit the allegations therein.

5. In answer to paragraph 5 of the Complaint, Defendants admit the allegations therein.

6. In answer to paragraph 6 of the Complaint, Defendants admit the allegations therein.

7. In answer to paragraph 7 of the Complaint, Defendants admit the allegations therein.

8. In answer to paragraph 8 of the Complaint, Defendants admit the allegations therein.

9. In answer to paragraph 9 of the Complaint, Defendants admit the allegations therein.

10. In answer to paragraph 10 of the Complaint, Defendants admit the allegations therein.

11. In answer to paragraph 11 of the Complaint, Defendants admit the allegations therein.

12. In answer to paragraph 12 of the Complaint, Defendants admit that Van Development operated the referenced business but deny that they owned the actual real property.

13. In answer to paragraph 13 of the Complaint, Defendants admit that Van Development operated the referenced business but deny that they owned the actual real property.

14. In answer to paragraph 14 of the Complaint, Defendants admit that Van Development operated the referenced business but deny that they owned the actual real property.

15. In answer to paragraph 15 of the Complaint, Defendants admit that Van Development operated the referenced business but deny that they owned the actual real property.

16. In answer to paragraph 16 of the Complaint, Defendants admit that Van Development operated the referenced business but deny that they owned the actual real property.

17. In answer to paragraph 17 of the Complaint, Defendants lack sufficient information to admit or deny the allegations and, on that basis, said allegations are denied.

ORBACH HUFF SUAREZ & HENDERSON LLP

## JURISDICTION & VENUE

18. In answer to paragraph 18 of the Complaint, Defendants admit that the Court has jurisdiction over the subject matter.

19. In answer to paragraph 19 of the Complaint, Defendants admit that the Court has jurisdiction over the subject matter.

20. In answer to paragraph 20 of the Complaint, Defendants admit that the Court has jurisdiction over the subject matter.

## FACTUAL ALLEGATIONS

21. In answer to paragraph 21 of the Complaint, Defendants lack sufficient information to admit or deny the allegations and, on that basis, said allegations are denied.

22. In answer to paragraph 22 of the Complaint, Defendants admit that the Gas Station is a business establishment that is open to the public.

23. In answer to paragraph 23 of the Complaint, Defendants admit that the Gas Station has parking spaces for its patrons use.

24. In answer to paragraph 24 of the Complaint, Defendants deny the allegations therein.

25. In answer to paragraph 25 of the Complaint, Defendants lack sufficient information to admit or deny the allegations and, on that basis, said allegations are denied.

26. In answer to paragraph 26 of the Complaint, Defendants lack sufficient information to admit or deny the allegations and, on that basis, said allegations are denied.

27. In answer to paragraph 27 of the Complaint, Defendants lack sufficient information to admit or deny the allegations and, on that basis, said allegations are denied.

28. In answer to paragraph 28 of the Complaint, Defendants lack sufficient information to admit or deny the allegations and, on that basis, said allegations are denied.

29. In answer to paragraph 29 of the Complaint, Defendants lack sufficient information to admit or deny the allegations and, on that basis, said allegations are denied.

30. In answer to paragraph 30 of the Complaint, Defendants lack sufficient information to admit or deny the allegations and, on that basis, said allegations are denied.

31. In answer to paragraph 31 of the Complaint, Defendants lack sufficient information to admit or deny the allegations and, on that basis, said allegations are denied.

32. In answer to paragraph 32 of the Complaint, Defendants lack sufficient information to admit or deny the allegations and, on that basis, said allegations are denied.

33. In answer to paragraph 33 of the Complaint, Defendants lack sufficient information to admit or deny the allegations and, on that basis, said allegations are denied.

34. In answer to paragraph 34 of the Complaint, Defendants lack sufficient information to admit or deny the allegations and, on that basis, said allegations are denied.

35. In answer to paragraph 35 of the Complaint, Defendants lack sufficient information to admit or deny the allegations and, on that basis, said allegations are denied.

36. In answer to paragraph 36 of the Complaint, Defendants lack sufficient information to admit or deny the allegations and, on that basis, said allegations are denied.

37. In answer to paragraph 37 of the Complaint, Defendants lack sufficient information to admit or deny the allegations and, on that basis, said allegations are denied.

38. In answer to paragraph 38 of the Complaint, Defendants lack sufficient information to admit or deny the allegations and, on that basis, said allegations are denied.

39. In answer to paragraph 39 of the Complaint, Defendants lack sufficient information to admit or deny the allegations and, on that basis, said allegations are denied.

40. In answer to paragraph 40 of the Complaint, Defendants lack sufficient information to admit or deny the allegations and, on that basis, said allegations are denied.

41. In answer to paragraph 41 of the Complaint, Defendants lack sufficient information to admit or deny the allegations and, on that basis, said allegations are denied.

42. In answer to paragraph 42 of the Complaint, Defendants lack sufficient information to admit or deny the allegations and, on that basis, said allegations are denied.

43. In answer to paragraph 43 of the Complaint, Defendants deny the allegations therein.

44. In answer to paragraph 44 of the Complaint, Defendants deny the allegations therein.

45. In answer to paragraph 45 of the Complaint, Defendants lack sufficient information to admit or deny the allegations and, on that basis, said allegations are denied.

46. In answer to paragraph 46 of the Complaint, Defendants lack sufficient information to admit or deny the allegations and, on that basis, said allegations are denied.

47. In answer to paragraph 47 of the Complaint, Defendants deny the allegations therein.

48. In answer to paragraph 48 of the Complaint, Defendants lack sufficient information to admit or deny the allegations and, on that basis, said allegations are denied.

49. In answer to paragraph 49 of the Complaint, Defendants deny the allegations therein.

**FIRST CAUSE OF ACTION**

**Violation of the Americans with Disabilities Act of 1990**

**(Against all Defendants) (42 U.S.C. § 12101, et seq.)**

50. In answer to paragraph 50 of the Complaint, Defendants reallege their answers to all proceeding paragraphs.

51. In answer to paragraph 51 of the Complaint, Defendants respond that said paragraph is a statement of law, to which no response is required.

52. In answer to paragraph 52 of the Complaint, Defendants respond that said paragraph is a statement of law, to which no response is required.

53. In answer to paragraph 53 of the Complaint, Defendants lack sufficient information to admit or deny the allegations and, on that basis, said allegations are denied.

54. In answer to paragraph 54 of the Complaint, Defendants respond that said paragraph is a statement of law, to which no response is required.

55. In answer to paragraph 55 of the Complaint, Defendants lack sufficient information to admit or deny the allegations and, on that basis, said allegations are denied.

56. In answer to paragraph 56 of the Complaint, Defendants respond that said paragraph is a statement of law, to which no response is required.

///



ORBACH HUFF SUAREZ & HENDERSON LLP

57. In answer to paragraph 57 of the Complaint, Defendants lack sufficient information to admit or deny the allegations and, on that basis, said allegations are denied.

58. In answer to paragraph 58 of the Complaint, Defendants respond that said paragraph is a statement of law, to which no response is required.

59. In answer to paragraph 59 of the Complaint, Defendants lack sufficient information to admit or deny the allegations and, on that basis, said allegations are denied.

60. In answer to paragraph 60 of the Complaint, Defendants lack sufficient information to admit or deny the allegations and, on that basis, said allegations are denied.

## SECOND CAUSE OF ACTION

### Violation of the Unruh Civil Rights Act

### (Against all Defendants) (Cal. Civ. Code §§ 51-53)

61. In answer to paragraph 61 of the Complaint, Defendants reallege their answers to all proceeding paragraphs.

62. In answer to paragraph 62 of the Complaint, Defendants lack sufficient information to admit or deny the allegations and, on that basis, said allegations are denied.

63. In answer to paragraph 63 of the Complaint, Defendants lack sufficient information to admit or deny the allegations and, on that basis, said allegations are denied.

64. In answer to paragraph 64 of the Complaint, Defendants lack sufficient information to admit or deny the allegations and, on that basis, said allegations are denied.

## PLAINTIFF'S PRAYER FOR RELIEF

In answer to Plaintiff's Prayer for Relief, Defendants deny Plaintiff is entitled to any relief and expressly deny he is entitled to injunctive relief, damages or attorneys' fees as pled.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations in the Complaint, Defendants alleges each of the following as separate affirmative defenses, expressly reserving all of their rights to allege additional defenses, and/or to seek leave of Court to amend to allege additional defenses, when and if facts supporting such defenses become known to them.

///

ORBACH HUFF SUAREZ & HENDERSON LLP

**FIRST AFFIRMATIVE DEFENSE**

The Complaint for damages fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The Complaint, and each purported cause of action alleged in the Complaint, is barred in whole or in part because the Defendants' facility, services, programs and activities in question in this action, when viewed in their entirety, are accessible to persons with disabilities.

**THIRD AFFIRMATIVE DEFENSE**

The Complaint, and each purported cause of action alleged in the Complaint, is barred in whole or in part because Defendants have provided reasonable access to its services, programs and activities.

**FOURTH AFFIRMATIVE DEFENSE**

The Complaint, and each purported cause of action alleged in the Complaint, is barred in whole or in part because Defendants have completely or substantially complied with all applicable requirements.

**FIFTH AFFIRMATIVE DEFENSE**

The Complaint, and each purported cause of action alleged in the Complaint, is barred in whole or in part because Plaintiff's injury or injuries, if any, was/were caused by third parties acting outside the scope of agency, employment or control of Defendants.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to recover on the claims for relief under Civil Code sections 51, *et seq.* because Defendants have not engaged in any intentional discrimination.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to recover the damages sought in the Complaint because his use and enjoyment of the facilities and services, programs and activities in question was not denied or interfered with by Defendants or by any other party.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's causes of action are barred on the ground and to the extent that Defendants have not violated any applicable federal, state or municipal disability access laws.

ORBACH HUFF SUAREZ & HENDERSON LLP

**NINTH AFFIRMATIVE DEFENSE**

With respect to each and every allegation in the Complaint, as they relate to the request for a preliminary injunction, such an injunction is not appropriate because: (a) there is no imminent threat of irreparable injury; (b) there is no likelihood of prevailing on the merits; and (c) the balancing of competing interests weigh in Defendants' favor.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's prayer for injunctive relief is moot and/or will be by the time this matter is adjudicated.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from recovering damages, or securing an injunction, against the individually named Defendants because there is no individual liability under any of the theories alleged by Plaintiff.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to seek some or all of the injunctive relief sought in the Complaint.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The Complaint is barred to the extent the alleged violations of law are excused or justified under the statutes under which Plaintiff has sued.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The Complaint, and each purported cause of action alleged in the Complaint, fails because Plaintiff has waived any right to recovery by taking actions that are inconsistent with the ownership and exercise of the rights claimed in the Complaint.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's causes of action are barred because section 54 of the Civil Code exclusively governs the conduct or omissions alleged in the Complaint.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred on the ground and to the extent that Plaintiff has suffered no injury in fact with respect to the facts alleged in the Complaint.

ORBACH HUFF SUAREZ & HENDERSON LLP

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from recovering monetary damages to the extent that he failed to mitigate, and failed to reasonably attempt to mitigate, his damages as required by law.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to recover attorneys' fees from Defendants as alleged in the Complaint. In the alternative, to the extent that Plaintiff is entitled to recover attorneys' fees or costs, such fees and costs are barred on the ground and to the extent that they were not reasonably incurred or were incurred at an excessive rate.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from maintaining this action by the principals of estoppel and/or res judicata.

**TWENTIETH AFFIRMATIVE DEFENSE**

The action is barred due to Plaintiff's failure to exhaust administrative remedies.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

The equitable action is barred by the doctrine of unclean hands.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's Complaint is replete with allegations that are vague, argumentative and conclusory in nature and require no responsive pleadings under the Federal Rules of Civil Procedure. All such allegations are denied.

**JURY DEMAND**

Defendants hereby demand trial by jury.

///

///

///

///

///

///

///

ORBACH HUFF SUAREZ & HENDERSON LLP

**PRAYER**

WHEREFORE, Defendants pray for relief as follows:

1. That Plaintiff take nothing by reason of his Complaint for damages;
2. That judgment be entered in favor of Defendants;
3. For costs of suit incurred herein; and
4. For such other and further relief as the Court deems just and proper.

Dated: December 16, 2016

Respectfully submitted,

ORBACH HUFF SUAREZ & HENDERSON LLP

By: /s/ Kevin E. Gilbert
Kevin E. Gilbert
Attorney for Defendants
EBRAHIM KAABIPOUR, SHAHLA KAABIPOUR and VAN DEVELOPMENT, INC.